Curtis A. Graham, Bar No. 215745
cagraham@littler.com
E. Cliff Martin, Bar No. 227357
cmartin@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 800.715.1330

Alexandria Rafizadeh, Bar No. 273494
awitte-rafizadeh@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 800.715.1330

Attorneys for Defendant
LINEAGE LOGISTICS SERVICES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CHARLES MITCHELL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINEAGE LOGISTICS SERVICES, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF CURTIS A. GRAHAM IN SUPPORT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date:None Set<br>Complaint Filed: June 28, 2024 |

**DECLARATION OF CURTIS A. GRAHAM**

I, Curtis A. Graham, declare as follows:

1. I am an attorney with the law firm of Littler Mendelson, a Professional Corporation, counsel for Defendant Lineage Logistics Services, LLC ("Defendant") in the above-entitled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Eastern District and am responsible for representing Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. On June 28, 2024, Plaintiff commenced this action by filing a class action complaint in the Superior Court of California, County of Sacramento, entitled *CHARLES MITCHELL, individually, and on behalf of all other persons similarly situated, v. LINEAGE LOGISTICS SERVICES, LLC, a limited liability company; and DOES 1 through 10, inclusive*, designated as Case No. 24CV012996 ("Complaint"), which was served upon Defendant on July 3, 2024. Attached collectively hereto is a true and correct copy of Plaintiff's Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Alternative Dispute Resolution Information Package filed in this this matter in the Los Angeles County Superior, as **Exhibit A**.

3. On July 3, 2024, Plaintiff filed a Proof of Service in Sacramento County Superior Court. Attached as **Exhibit B** is a true and correct copy of the Proof of Service of Summons filed by Plaintiff pertaining to Defendant.

4. On or about July 3, 2024, the Sacramento County Superior Court issued a Notice of Case Reassignment and Minute Order (Complex Determination). Attached collectively as **Exhibit C** is a true and correct copy of the Notice of Case Reassignment and Minute Order (Complex Determination) issued by the Court on July 3, 2024.

5. On or about July 16, 2024, the Sacramento County Superior Court issued

a Notice of CMC and Orders Re Complex Case Management Procedures. Attached collectively hereto as **Exhibit D** is a true and correct copy of the Notice of CMC and Orders Re Complex Case Management Procedures issued by the Court on July 16, 2024.

6. On or about July 18, 2024, Plaintiff filed a Notice of Minute Order. Attached collectively hereto as **Exhibit E** is a true and correct copy of the Notice of Minute Order filed by Plaintiff on July 18, 2024.

7. This declaration sets forth all the process, pleadings, and orders filed, to be filed, or served upon Defendant, to my current knowledge, in this action to the present date. To my knowledge, no further process, pleadings, or orders related to this case have been filed in Sacramento County Superior Court

8. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record. In addition, a copy of this Defendant's Notice of Removal will be promptly filed with the Clerk of the Superior Court of the State of California, County of Sacramento.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, and that this declaration was executed on August 2, 2024, at Los Angeles, California.

*/s/ Curtis A. Graham*
CURTIS A. GRAHAM

4854-5708-7443.2 / 083987-1066

# Exhibit A

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
06/28/2024
By: M. Pipe Deputy

Justin F. Marquez (SBN 262417)
justin@wilshirelawfirm.com
Benjamin H. Haber (SBN 315664)
benjamin@wilshirelawfirm.com
Maxim Gorbunov (SBN 343128)
mgorbunov@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

CHARLES MITCHELL, individually, and on behalf of all others similarly situated,

*Plaintiff*,

v.

LINEAGE LOGISTICS SERVICES, LLC, a limited liability company; and DOES 1 through 10, inclusive,

*Defendants*.

Case No.: 24CV012996

**CLASS ACTION COMPLAINT:**

1. Failure to Pay Minimum and Straight Time Wages (Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197);
2. Failure to Pay Overtime Wages (Cal. Lab. Code §§ 1194 and 1198);
3. Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7, 512);
4. Failure to Authorize and Permit Rest Periods (Cal. Lab. Code §§ 226.7);
5. Failure to Timely Pay Final Wages at Termination (Cal. Lab. Code §§ 201-203);
6. Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226);
7. Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); and
8. Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).

**DEMAND FOR JURY TRIAL**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Plaintiff CHARLES MITCHELL ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**INTRODUCTION & PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendants LINEAGE LOGISTICS SERVICES, LLC, and DOES 1 through 10 (hereinafter collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay for all hours worked (minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages, failure to furnish accurate wage statements, and failure to indemnify employees for expenditures.

2. Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members," and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendant in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3. Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including Sacramento County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4. Despite these requirements, throughout the statutory period, Defendants maintained a systematic, company-wide policy and practice of:

(a) Failing to pay employees for all hours worked, including all minimum, straight time, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b) Failing to provide employees with timely and duty-free meal periods in

compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c) Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d) Willfully failing to pay employees all expenditures, minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

(e) Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders; and,

(f) Failing to indemnify employees for expenditures incurred in direct discharge of duties of employment;

5. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## THE PARTIES

**A. Plaintiff**

7. Plaintiff is a resident of California who worked for Defendants in Sacramento County, California as an hourly-paid, non-exempt employee from approximately January 2023 to approximately March 2024.

8. Plaintiff reserves the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B. Defendants**

9. Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant LINEAGE LOGISTICS SERVICES, LLC is, and at all times herein mentioned, were:

(a) entities qualified to do business and actually conducting business in numerous counties throughout the State of California, including in Sacramento County; and,

(b) The former employer of Plaintiff and the current and/or former employer of the putative Class because Defendant LINEAGE LOGISTICS SERVICES, LLC, suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10. Plaintiff does not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11. At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

12. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff worked for Defendants as an hourly-paid, non-exempt employee. During Plaintiff's employment for Defendants, Defendants paid Plaintiff an hourly wage and classified him as non-exempt from overtime. Defendants typically scheduled Plaintiff to work at least five days in a workweek and at least eight hours per day, but Plaintiff regularly worked more than eight hours in a workday and more than forty (40) hours in a workweek.

14. Throughout Plaintiff's employment, Defendants, at times, failed to pay for all hours worked (including minimum, straight time, and overtime wages), failed to provide Plaintiff with legally compliant meal periods, failed to authorize and permit Plaintiff to take rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated his employment, failed to furnish accurate wage statements to Plaintiff, and failed to indemnify Plaintiff for expenditures. As discussed below, Plaintiff's experience working for Defendants was typical and illustrative.

15. Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including minimum, straight time, and

overtime wages. Defendants required Plaintiff and the Class to work "off-the-clock," uncompensated, by, for example, requiring Plaintiff and the Class to perform work prior to clocking in, during meal periods, and after clocking out. Some of this unpaid work should have been paid at the overtime rate. In failing to pay for all hours worked, Defendants also failed to maintain accurate records of the hours Plaintiff and the Class worked.

16. Throughout the statutory period, Defendants wrongfully failed to provide Plaintiff and the Class, or some of them, with legally compliant meal periods. Defendants regularly, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Instead, Defendants continued to assert control over Plaintiff and the Class by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal periods, or by denying Plaintiff and the Class permission to take a meal period. Defendants also never informed Plaintiff of his right to, nor permitted him to take, a second meal period when Plaintiff worked at least ten hours of work in a workday. Accordingly, Defendants' policy and practice was not to provide meal periods to Plaintiff and the Class in compliance with California law.

17. Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class, or some of them, to take legally compliant rest periods. Defendants regularly required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Instead, Defendants continued to assert control over Plaintiff and the Class by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory rest periods, or by denying Plaintiff and the Class permission to take a rest period. Accordingly, Defendants' policy and practice was to not

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

18. Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class, or some of them, all final wages due at their termination of employment. In addition, Plaintiff's final paychecks did not include payment for all expenditures, minimum wages, straight time wages, overtime wages, meal period premium wages, and rest period premium wages owed to him by Defendants at the conclusion of his employment. On information and belief, Defendants' failure to timely pay Plaintiff's final wages when his employment terminated was not a single, isolated incident, but was instead consistent with Defendants' policy and practice that applied to Plaintiff and the Class.

19. Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class, or some of them, with accurate, itemized wage statements showing all applicable hourly rates, all overtime hourly rates, and all gross and net wages earned (including correct hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a) the violations led them to believe that they were not entitled to be paid minimum, straight time, overtime, meal period premium, and rest period premium wages, even though they were entitled;

(b) the violations led them to believe that they had been paid the minimum, straight time, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c) the violations led them to believe they were not entitled to be paid minimum, straight time, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were entitled;

(d) the violations led them to believe they had been paid minimum, straight time, overtime, meal period premium, and rest period premium wages at the

correct California rate even though they had not been;

(e) the violations hindered them from determining the amounts of minimum, straight time, overtime, meal period premium, and rest period premium wages owed to them;

(f) in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages

(g) owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(h) by understating the wages truly due to them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(i) the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

(j) The wage statements inaccurately overstated the total amount of hours worked by counting any overtime hours twice, once at the regular hourly rate, and again at an added premium rate.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e) and injunctive relief under California Labor Code § 226(h).

20. Throughout the statutory period, Defendants have wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants. Plaintiff and the Class regularly paid out-of-pocket for necessary employment-related expenses, including, without limitation, use of personal cell phone and work attire/equipment.

21. Plaintiff and the Class incurred substantial expenses as a direct result of performing their job duties for Defendants, but Defendants failed to indemnify Plaintiff and the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Class for these employment-related expenses.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

23. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

24. The proposed Class consists of and is defined as:

> All persons who worked for any Defendants in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent.[1]

25. At all material times, Plaintiff was a member of the Class.

26. Plaintiff undertook this concerted activity to improve the wages and working conditions of all Class Members.

27. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) Numerosity: The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than forty (40) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

[1] In response to the COVID-19 pandemic, the Judicial Council of California adopted Emergency Rule 9(a) (California Rules of Court), whereby "statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 to October 1, 2020."

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and,

4) The difficulties likely to be encountered in the management of a class action.

(e) Public Policy Considerations: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

rights at the same time as their privacy is protected.

28. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to pay Class Members for all hours worked, including minimum, straight time, and overtime wages;

(b) Failed to provide meal periods and pay meal period premium wages to Class Members;

(c) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d) Failed to provide Class Members with timely final wages;

(e) Failed to provide Class Members with accurate wage statements;

(f) Failed to indemnify Class Members for expenditures; and,

(g) Violated California Business & Professions Code §§ 17200 *et. seq*. as a result of their illegal conduct as described above.

29. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c) The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d) Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation

for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f) Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or,

2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

30. Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff contemplates the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

**FIRST CAUSE OF ACTION**

**(Against All Defendants for Failure to Pay Minimum and Straight Time Wages for All Hours Worked)**

31. Plaintiff incorporates by reference and re-alleges as if fully stated herein

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

paragraphs 1 through 22 in this Complaint.

32. "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

33. At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class, or some of them, compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of California Labor Code § 1194, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

34. Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

35. By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

36. By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class, or some of them, for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class and which will be ascertained according to proof at trial.

37. By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

38. Pursuant to California Labor Code § 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

39. California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum and straight time wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and failed to pay those wages twice a month.

40. Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

**(Against All Defendants for Failure to Pay Overtime Wages)**

41. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

42. California Labor Code § 510 provides that employees in California shall not be employed more than eight hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

43. California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

44. At all times relevant hereto, Plaintiff and the Class, or some of them, have at times worked more than eight hours in a workday and/or more than forty (40) hours in a workweek, as employees of Defendants.

45. At all times relevant hereto, Defendants failed to pay Plaintiff and the Class, or some of them, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code §§ 510 and 1198.

46. By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class, or some of them, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

47. By failing to keep adequate time records required by Labor Code § 1174(d),

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

48. Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

49. California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class, or some of them, with all compensation due, in violation of California Labor Code § 204.

## <u>THIRD CAUSE OF ACTION</u>

**(Against All Defendants for Failure to Provide Meal Periods)**

50. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

51. Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff's and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. California Labor Code § 512, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least thirty (30) minutes for each five-hour period worked. It is a violation of California Labor Code § 226.7 for an employer to require any employee to work during any meal period mandated under any Wage Order.

52. Despite these legal requirements, Defendants at times failed to provide Plaintiff and the Class, or some of them, with both meal periods as required by California law. By their failure to permit and authorize Plaintiff and the Class, or some of them, to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of California

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Labor Code § 226.7 and the applicable Wage Orders.

53. Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon.

**FOURTH CAUSE OF ACTION**

**(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

54. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

55. Defendants are required by California law to authorize and permit breaks of ten uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). California Labor Code § 512, the applicable Wage Orders require that the employer permit and authorize all employees to take paid rest periods of ten minutes each for each 4-hour period worked. Thus, for example, if an employee's work time is six hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws. It is a violation of California Labor Code § 226.7 for an employer to require any employee to work during any rest period mandated under any Wage Order.

56. Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class, or some of them, to take rest breaks, regardless of whether employees worked more than four hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of California Labor Code § 226.7 and the applicable Wage Orders.

57. Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday he or she was not provided with all required rest break(s), plus interest thereon.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**FIFTH CAUSE OF ACTION**

**(Against All Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

58. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

59. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

60. Within the applicable statute of limitations, the employment of many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

61. Defendants' failure to pay those Class members, or some of them, who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

62. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

63. The Class is entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203.

64. Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, the Class is also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

**SIXTH CAUSE OF ACTION**

**(Against All Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

65. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

66. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

67. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

68. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily protected rights.

69. Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

statements under California Labor Code § 226(a).

70. Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

71. Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

72. Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## SEVENTH CAUSE OF ACTION

### (Against All Defendants for Failure to Indemnify Employees for Expenditures)

73. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

74. As set forth above, Plaintiff and the Class were required to incur substantial necessary expenditures and losses in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

75. Defendants violated California Labor Code § 2802, by failing to pay and indemnify Plaintiff and the Class, or some of them, for necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

76. As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

77. Plaintiff and the Class are entitled to reasonable attorney's fees, expenses, and costs of suit pursuant to California Labor Code § 2802(c) and interest pursuant to California Labor Code § 2802(b).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**EIGHTH CAUSE OF ACTION**

**(Against All Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

78. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 22 in this Complaint.

79. Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

80. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

81. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

82. A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq*.

**Failure to Pay Minimum and Straight Time Wages**

83. Defendants' failure to pay minimum and straight time wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Pay Overtime Wages**

84. Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**Failure to Provide Meal Periods**

85. Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Authorize and Permit Rest Periods**

86. Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Indemnify Business Expenses**

87. Defendants' failure to reimburse expenses incurred in accordance with California Labor Code § 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

88. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

89. Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

90. Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

91. Plaintiff, individually, and on behalf of members of the putative class, is further entitled to, and does, seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business

practices in the future.

92. Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

93. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

94. Pursuant to California Business & Professions Code §§ 17200, *et seq*., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years and 178 days prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

Class Certification

1. That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2. That Plaintiff be appointed as the representative of the Class; and,

3. That counsel for Plaintiff be appointed as Class Counsel.

As to the First Cause of Action

4. That the Court declare, adjudge, and decree that Defendants violated California

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum and straight time wages due;

5. For unpaid wages as may be appropriate;

6. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7. For liquidated damages;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

10. That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11. For unpaid wages at overtime wage rates as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

15. That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16. For unpaid meal period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and,

19. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

20. That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21. For unpaid rest period premium wages as may be appropriate;

22. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and,

24. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

26. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

27. For pre-judgment interest on any unpaid wages from the date such amounts were due;

28. For reasonable attorneys' fees and for costs of suit incurred herein; and,

29. For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

31. For all actual damages, according to proof;

32. For statutory penalties pursuant to California Labor Code § 226(e);

33. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

34. For reasonable attorneys' fees and for costs of suit incurred herein; and,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

35. For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

36. That the Court declare, adjudge, and decree that Defendants violated California Labor Code § 2802 by willfully failing to indemnify employees for expenditures;

37. For unpaid wages or unreimbursed business expenses as may be appropriate;

38. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

39. For liquidated damages;

40. For reasonable attorneys' fees and for costs of suit incurred herein; and,

41. For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

42. That the Court declare, adjudge, and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq*. by failing to pay for all hours worked (minimum, straight time, and overtime wages), failing to provide meal periods, failing to authorize and permit rest periods, and failing to indemnify employees for expenditures;

43. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

44. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*.;

45. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

46. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq*.; and,

47. For such other and further relief as the Court may deem equitable and appropriate.

///

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

As to all Causes of Action

48. For any additional relief that the Court deems just and proper.

Respectfully submitted,

Dated: June 28, 2024

**WILSHIRE LAW FIRM**

By: ______________________________
Justin F. Marquez
Benjamin H. Haber
Maxim Gorbunov

Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: June 28, 2024

**WILSHIRE LAW FIRM**

By: ______________________________
Justin F. Marquez
Benjamin H. Haber
Maxim Gorbunov

Attorneys for Plaintiff

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
07/01/2024
By: M. Pipe, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
LINEAGE LOGISTICS SERVICES, LLC, a limited liability company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
CHARLES MITCHELL, individually, and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento Superior Court
Gordon D. Schaber Sacramento County Courthouse
720 9th Street, Sacramento, California 95814

CASE NUMBER: *(Número del Caso):* 24CV012996

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justin F. Marquez, Esq.; Wilshire Law Firm; 3055 Wilshire Blvd., 12th Floor, Los Angeles, CA 90010; (213) 381-9988

DATE: *(Fecha)* 07/01/2024 Clerk, by *(Secretario)* /s/ M. Pipe, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): LINEAGE LOGISTICS SERVICES, LLC, a limited liability company

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Justin F. Marquez (#262417); Benjamin H. Haber (#315664); Maxim Gorbunov (#343128)
Wilshire Law Firm, 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010
TELEPHONE NO.: (213) 381-9988 FAX NO.: (213) 381-9989
EMAIL ADDRESS: justin@wilshirelawfirm.com
ATTORNEY FOR *(Name):* Plaintiff Charles Mitchell

*FOR COURT USE ONLY*

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
06/28/2024
By: M. Pipe, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Charles Mitchell v. Lineage Logistics Services, LLC, et al.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 24CV012996
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 28, 2024
Justin F. Marquez
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Charles Mitchell | |
| DEFENDANT/RESPONDENT: Lineage Logistics Services, LLC et al | |
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)** | CASE NUMBER: 24CV012996 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| PURPOSE | ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT |
|---|---|---|---|
| **LAW & MOTION** | Christopher E. Krueger | Hall of Justice | 54 |
| **CASE MANAGEMENT PROGRAM** | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

## NOTICE OF CASE MANAGEMENT CONFERENCE

### Hearing Date

The above entitled action has been set for a case management conference at **8:30 AM** on **July 11, 2025** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

# ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

## What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

## Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

**ADR Procedures for the Sacramento County Superior Court**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

> **Private Mediation**. Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).
>
> **Court Mediation**. Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.
>
> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

*UNLIMITED CIVIL CASES*

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.
- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.
- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.

**Arbitration**

*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**

For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

# Exhibit B

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Justin F. Marquez, Esq., Bar #262417<br>Wilshire Law Firm, PLC<br>3055 Wilshire Blvd, 12th Floor<br>Los Angeles, CA 90010<br>*Telephone No:* 213-381-9988 *FAX No:* 213-381-9989<br>*Attorney for:* Plaintiff<br>*Ref. No. or File No.:* | *For Court Use Only*<br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sacramento<br>07/03/2024<br>By: M. Pipe Deputy |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Sacramento Superior Court | |
| *Plaintiff:* Charles Mitchell<br>*Defendant:* Lineage Logistics Services, LLC, et al. | |

| **PROOF OF SERVICE Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 24CV012996 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons & Complaint; ADR Information Package; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference.

3. a. *Party served:* Lineage Logistics Services, LLC, a limited liability company
   b. *Person served:* Koy Saechao, Person Authorized to Accept

4. *Address where the party was served:* CSC Lawyers Incorporating Services, Agent for Service, 2710 Gateway Oaks Dr, Suite 150 N, Sacramento, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Jul. 03, 2024 (2) at: 1:30PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* Lineage Logistics Services, LLC, a limited liability company
   Under CCP 416.40 (association or partnership)

7. ***Person Who Served Papers:***
   a. John M. Adams

   **1500 W. El Camino Avenue, #510**
   **Sacramento, CA 95833**
   **855-5VALPRO, Fax (866) 900-4665**
   **www.ValproAttorneyServices.com**

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. ***The Fee** for Service was:*
   e. I am: (3) registered California process server
      *(i)* Independent Contractor
      *(ii) Registration No.:* 2014-45
      *(iii) County:* Sacramento

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

***Date: Wed, Jul. 03, 2024***

**(John M. Adams)**

# Exhibit C

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 Ninth Street, Sacramento, CA 95814 | |
| PLAINTIFF(S): Charles Mitchell individually and on behalf of all others similarly situate | |
| Lineage Logistics Services LLC et al | |
| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER: 24CV012996 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Sacramento, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Lauri Damrell
DEPARTMENT: 22
LOCATION: Gordon D. Schaber Superior Court
720 Ninth Street, Sacramento, CA 95814

Date: 07/03/2024

By: /s/ L. Chen-Knapp
L. Chen-Knapp, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 Ninth Street, Sacramento, CA 95814 | **FILED**<br>Superior Court of California<br>County of Sacramento<br>07/03/2024<br>L. Chen-Knapp, Deputy |
| PLAINTIFF/PETITIONER:<br>Charles Mitchell individually and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT:<br>Lineage Logistics Services LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV012996 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Justin F Marquez
Wilshire Law Firm, PLC
3055 Wilshire Blvd, Ste 510
Los Angeles, CA 90010

Dated: 07/03/2024

By: /s/ L. Chen-Knapp
L. Chen-Knapp, Deputy Clerk

# Exhibit D

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only<br><br>FILED<br>Superior Court of California<br>County of Sacramento<br>07/16/2024<br>V. Alaman, Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 Ninth Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Charles Mitchell individually and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT:<br>Lineage Logistics Services LLC et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDERS RE: COMPLEX CASE MANAGEMENT PROCEDURES**<br><br>Complex Civil Dept.: **22**<br>Judge: **Lauri A. Damrell** | CASE NUMBER:<br>24CV012996 |

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES SUMMONS IN THIS ACTION UPON A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

1. Pursuant to the Presiding Judge's Notice and Order of Complex Case Determination, the above-referenced case has been designated as complex, assigned to this department for complex case management, and pre-assigned to this department for trial. This is an *all-purpose* assignment under California Rule of Court 3.734, such that law and motion matters, motions for consolidation, severance, bifurcation, intervention and to continue trial shall be heard in this department unless otherwise directed by this Court. Other motions referenced in Local Rule 1.05 shall also be heard in this department.

2. The Court orders all parties to appear for a **Case Management Conference** on **03/07/2025**, at **10:30 AM** in **Dept 22.**

**Please check the Civil Tentative Ruling search at www.saccourt.ca.gov prior to the above hearing date to confirm appearances and/or any updates (including updates to the hearing date/time).**

| SHORT TITLE: MITCHELL vs LINEAGE LOGISTICS SERVICES, LLC, et al. | CASE NUMBER: 24CV012996 |
|---|---|

Effective January 3, 2022, civil hearings will be open for in-person appearances. **However, the Court will continue to allow and strongly encourages all parties to appear remotely, subject to Code of Civil Procedure § 367.75 whenever possible. Additional information can be found at:**

https://www.saccourt.ca.gov/civil/docs/pn-civil-remote-and-in-person-proceedings-effective-monday-january-3-2022.pdf

To join by Zoom link - https://saccourt-ca-gov.zoomgov.com/my/sscdept22

To join by phone dial (833) 568-8864 / ID: 16184738886

3. The Court orders the parties to meet and confer in good faith at least 30 calendar days prior to all CMCs pursuant to California Rules of Court, Rule 3.724. The parties shall discuss the issues outlined in Rule 3.724 and 3.750, with particular attention to the following, as applicable:
   a. Generally, what facts and issues are in dispute;
   b. Pleading and service issues, including:
      i. Whether all parties named in the complaint or cross-complaint have been served, have appeared, or have been dismissed;
      ii. Whether any additional parties may be added or the pleadings may be amended;
      iii. The deadline for the filing of any remaining pleadings and service of any additional parties;
   c. The impact of any related cases and/or other matters (e.g. bankruptcy proceedings), and whether severance, consolidation, or coordination with other actions is desirable;
   d. The possibility of early settlement, including:

i. Whether private mediation is appropriate;

ii. Proposed mediators and available dates for mediation; and

iii. Whether the parties agree to informally exchange discovery in advance of mediation;

e. Discovery issues, including, for example:

i. The general subjects on which discovery may be needed;

ii. A proposed discovery schedule that avoids duplication;

iii. Whether discovery should be stayed until all parties are brought into the case (or for any other reason);

iv. Whether discovery should be conducted in phases or be limited to or focused on particular issues;

v. Any issues related to preserving discoverable information and the need for preservation notices;

vi. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced and possible allocation of costs, as well as whether it may be appropriate to adopt a Protocol for Discovery of Electronically Stored Information

vii. Any issues related to privacy, confidentiality, and/or trade secrets, and whether to stipulate to a Protective Order to facilitate the exchange of information and documents that may be subject to these limitations;

viii. Any issues about claims of privilege;

ix. Anticipated depositions and the subjects to be addressed in each deposition;

x. The method for exchange of documents and whether to establish an electronic document depository;

| SHORT TITLE: MITCHELL vs LINEAGE LOGISTICS SERVICES, LLC, et al. | CASE NUMBER: 24CV012996 |
|---|---|

xi. Any anticipated discovery motions;

f. The schedule for motion practice and trial, including anticipated dates for:

i. Discovery motions

ii. Dispositive motions

iii. Class certification

iv. Settlement conference

v. Pre-trial conference

vi. Trial

g. Issues related to counsel, including:

i. Whether to appoint liaison or lead counsel;

ii. Whether to establish a case-based Web site and other means to provide a current master list of addresses and telephone numbers of counsel;

h. Whether the parties have consented to electronic service in this action pursuant to California Code of Civil Procedure section 1010.6.

i. Whether a special master should be appointed and the purposes for such appointment; and

j. Any other relevant case management issues.

4. A joint Case Management Conference Statement must be filed no later than 15 calendar days prior to all CMCs. All matters discussed during the meet-and-confer session shall be itemized and reported in the joint CMC Statement. Individual statements will not be considered. Do not use Judicial Council Form CM-110 for the joint CMC Statement. The purpose of the joint statement is to require counsel to confer. It shows the Court that the parties have been in direct communication. The CMC Statement shall include a declaration that the parties have met and conferred in good faith on all appropriate subjects set forth under #3. If no meet-and-confer session occurs, or if some of the issues under #3 are not discussed, the parties shall provide the Court with a brief and reasonable explanation.

| SHORT TITLE: MITCHELL vs LINEAGE LOGISTICS SERVICES, LLC, et al. | CASE NUMBER: 24CV012996 |
|---|---|

5. CMC Statements shall be filed at the Civil Filing Counter located in the Gordon D. Schaber County Courthouse, 720 9th Street, Room 102, Sacramento, CA 95814 or placed in a Gordon D. Schaber Civil Drop Box, with courtesy copies delivered directly to Department 22 via email at dept22@saccourt.ca.gov.

6. Counsel for each party and each self-represented party who appears at the CMC shall be thoroughly familiar with the case, and must be prepared to discuss and commit to the party's position on the issues outlined in #3 above.

7. Should the parties stipulate and request a continuance of the CMC, they shall make the request in their CMC Statement with the heading "CONTINUANCE REQUESTED" on the front page. They shall outline the reasons for the request and provide at least three agreeable Fridays at 10:30 a.m. for the continued CMC. The Court may or may not approve the stipulated request. If the Court grants the request, the order will be reflected in the Court's tentative ruling. Alternatively, if the parties are seeking an earlier ruling on the request for continuance, they may submit a separate Stipulation and Proposed Order to the Court for its consideration.

8. Tentative Rulings: The Court may or may not issue a tentative ruling prior to the scheduled hearing. Counsel shall check the Court's tentative rulings after 2:00 p.m. the court day prior to the scheduled hearing. Tentative rulings are posted on the Court's website at www.saccourt.ca.gov. ***It is imperative for the parties to review the tentative ruling in its entirety.*** The ruling may include important updates for the parties, including possible updates to the date/time of the CMC. The parties shall be prepared to address all issues outlined in the Court's ruling. If no tentative ruling is posted, the hearing will proceed as scheduled. If a tentative ruling is posted and the Court indicates that no appearance is required, the ruling shall become the final order of the Court, and no hearing shall occur unless the party seeking a hearing contacts the department clerk by 4:00 p.m. on the court day preceding the hearing and advises the clerk that they have provided notice to all other parties. In such event, the hearing

will proceed as scheduled or as otherwise indicated by the Court in its tentative ruling.

9. Law and Motion: Pursuant to Local Rule 2.30, et seq., this case is assigned to the department for all purposes. This department shall hear all law and motion matters.

10. Reserving Hearing Dates. Hearing dates for all motions must be reserved in advance by emailing this department at dept22@saccourt.ca.gov. The requesting party shall meet and confer with all other parties to identify mutually agreeable dates for the hearing before emailing this department with the hearing reservation request. The requesting party shall copy all parties on the email to the Court. The email shall include the following information: (1) the case number; (2) the type of motion; and (3) at least three Friday dates at 9:00 a.m. that work for all parties. A motion filed without a reserved hearing date will be rejected.

11. Informal Discovery Conferences under Code of Civil Procedure section 2016.080 ("IDCs"): The Court strongly encourages parties to request an IDC with the Court before reserving a hearing date for any discovery motion. The Court requires civility and cooperation in scheduling an IDC, including by agreeing to extend the time to file a discovery motion to allow time for an IDC. If a discovery motion is filed without scheduling an IDC, it is likely that the Court will order one before hearing the motion. During an IDC, the Court will meet informally with the parties to try to resolve the dispute. The process is designed to benefit all parties by saving costs and avoiding delay. The following procedures apply to IDCs:

a. Counsel must complete all meet and confer obligations either in person, by phone, or by video conference at least one week before scheduling a discovery conference.

b. To schedule an IDC, the prospective moving party must contact the department clerk by email at dept22@saccourt.ca.gov. The email shall copy all parties and include a meet-and-confer declaration as described in Code of Civil Procedure section 2016.040. The prospective moving party, after having conferred with the opposing party, shall advise the Court of the court dates and

times in the next 30 calendar days when all concerned parties are available for a Zoom conference. Counsel and/or parties with full authority to resolve the discovery issue(s) must appear at the IDC unless excused by the Court. The Court will issue a minute order advising counsel of the time and date of the Zoom conference.

c. At least five court days before the IDC, the requesting party must file and serve an IDC declaration limited to three pages. The declaration must include a brief summary of the disputed discovery. At least two court days before the IDC, the responding party shall file and serve an IDC response limited to three pages briefly summarizing the basis of its position. The parties shall email a courtesy copy of their respective IDC submissions to the assigned department on the same day their submission is filed and served.

d. No additional documents shall be attached to any IDC statement or response except a privilege log. Where privilege is a basis for refusal to produce documents, a privilege log must be provided.

e. Unless otherwise indicated by the Court, the minute order granting an IDC will toll the deadline for filing the discovery motion. The deadline shall be tolled until such time as the Court issues a direction or order setting a new deadline for filing a discovery motion.

f. The Court will not tolerate efforts by the parties to rely on IDCs to resolve every minor discovery dispute that should otherwise be resolved through good faith meet and confer efforts. Should any party abuse the IDC process, the Court will consider issuing sanctions under California Code of Civil Procedure section 2023.010, et seq.

12. Discovery Disputes during Depositions: If a dispute arises during a deposition that requires judicial input, the parties are to contact the Court immediately via the department

| SHORT TITLE: MITCHELL vs LINEAGE LOGISTICS SERVICES, LLC, et al. | CASE NUMBER: 24CV012996 |
|---|---|

telephone number at (916) 874-5762. If the parties cannot reach Judge Damrell through Dept. 22, the parties may contact Dept. 23 at (916) 874-5754.

13. Filings: All filings shall be filed at the Civil Filing Counter located in the Gordon D. Schaber County Courthouse, 720 9th Street, Room 102, Sacramento, CA 95814 or placed in a Gordon D. Schaber Civil Drop Box, with courtesy copies delivered directly to Department 22 via email at dept22@saccourt.ca.gov.

14. Typical Case Progress:

a. After the initial CMC or a subsequent CMC, the Court may or may not issue a formal *Case Management Order* ("CMO"). In lieu of a formal CMO, the Court may issue minute orders after CMCs addressing case management topics. The breadth of such orders may vary depending upon factors such as the complexity of the case and other circumstances. The Court may issue subsequent CMOs potentially addressing topics such as discovery cut-offs, phased discovery, disclosure dates, timing of private mediation, timing of class certification motions, etc. In some cases, CMOs may be proposed by an appointed special master or referee with case management authority.

b. Pursuant to the Presiding Judge's Notice and Order of Complex Case Determination, this Court is the trial department for this case. This Court remains the trial court unless subsequently ordered otherwise. In rare instances, a case may be transferred to Department 47 for assignment to a different trial department if this Court has scheduling conflicts due to another trial or otherwise is unable to proceed with trial.

c. The Court will schedule a Trial Setting Conference at which time a precise trial date shall be set in this department. The Court will issue a *Complex Trial Setting Order* ("TSO") which shall set the Mandatory Settlement Conference in Department 59, a Final Status Conference, a Final Pre-Trial Conference, and

| SHORT TITLE: MITCHELL vs LINEAGE LOGISTICS SERVICES, LLC, et al. | CASE NUMBER: 24CV012996 |
|---|---|

the trial date. The TSO shall also address deadlines for trial-related tasks and filings, including motions in limine, witness and exhibit lists, proposed jury instructions, jury questionnaires, etc.

15. The following interim orders shall be in effect:

a. Plaintiff(s) shall diligently locate and serve each defendant. It is the Court's intention, by this order, that all parties shall be served in sufficient time to have made an appearance within the time allowed under law prior to attending the first CMC.

b. Counsel shall continuously ensure that they have no legal conflicts of interest as to any present or anticipated parties so that counsel may participate fully in the CMC and this case.

16. The Court strongly encourages the parties to engage in early and meaningful alternative dispute resolution.

17. Uncivil or unprofessional behavior will not be tolerated. The Court expects the parties to be familiar with and follow the California Guidelines of Civility and Professionalism (available at https://www.saccourt.ca.gov/local-rules/docs/guidelines-civility-professionalism.pdf) and the Sacramento County Bar Association Standards of Professional Conduct (available at https://www.saccourt.ca.gov/local-rules/docs/standards-professional-conduct.pdf).

18. The Court expects parties to resolve all disputes regarding scheduling or time extensions without the necessity of Court involvement.

**IT IS SO ORDERED.**

Dated: 07/16/2024

By: [signature]

Lauri A. Damrell / Judge

JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 Ninth Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Charles Mitchell individually and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT:<br>Lineage Logistics Services LLC et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV012996 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of CMC and Orders Re Complex Case Management Procedures D.22 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Justin F Marquez
Wilshire Law Firm, PLC
3055 Wilshire Blvd, Ste 510
Los Angeles, CA 90010

Dated: 07/16/2024 By: /s/ V. Aleman

V. Aleman, Deputy Clerk

# Exhibit E

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
07/18/2024
By: T. Crowther Deputy

Justin F. Marquez (SBN 262417)
justin@wilshirelawfirm.com
Benjamin H. Haber (SBN 315664)
benjamin@wilshirelawfirm.com
Maxim Gorbunov (SBN 343128)
mgorbunov@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

Attorneys for Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

CHARLES MITCHELL, individually, and on behalf of all others similarly situated,

*Plaintiff*,

v.

LINEAGE LOGISTICS SERVICES, LLC, a limited liability company; and DOES 1 through 10, inclusive,

*Defendants*.

Case No.: 24CV012996

**CLASS ACTION**

*[Assigned for all purposes to Judge Lauri A. Damrell, Dept. 22]*

**NOTICE OF MINUTE ORDER**

Complaint filed: June 28, 2024
Trial date: Not Set

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on July 3, 2024, the Court issued a Minute Order. A copy of the Minute Order is attached hereto as **Exhibit A**.

Respectfully submitted,

Dated: June 18, 2024

**WILSHIRE LAW FIRM**

By: ______________________________
Justin F. Marquez
Benjamin H. Haber
Maxim Gorbunov

Attorneys for Plaintiff

# Exhibit A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D. Schaber Superior Court, Department 31

JUDICIAL OFFICER: HONORABLE STEVEN M. GEVERCER

Courtroom Clerk: L.Chen-Knapp | CSR: None

---

**24CV012996** | July 3, 2024 4:48 PM

**MITCHELL**
**vs**
**LINEAGE LOGISTICS SERVICES, LLC, et al.**

---

**MINUTES**

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination**

COMPLEX DETERMINATION

Having reviewed and considered the pleadings on file, the Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Sacramento County Local Rules concerning complex litigation.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten (10) calendar days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Payment may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento, CA 95814. Please make checks payable to the Clerk of the Superior Court.

Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

SERVICE OF THIS ORDER

The plaintiff is directed to serve all other parties with a copy of this order.

**This action involves or is likely to involve**: Claims involving class actions.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

Management of a large number of witnesses or a substantial amount of documentary evidence.

Management of a large number of separately represented parties.

The case is ordered reassigned to Judge Lauri A. Damrell in Department 22 at the Gordon D. Schaber Superior Court for all further proceedings and for all purposes.

Any previously calendared hearings in departments other than the newly assigned courtroom are advanced to this date and vacated.

Certificate of Mailing is attached.

By: */s/ L. Chen-Knapp*
L. Chen-Knapp, Deputy Clerk

Minutes of: 07/03/2024
Entered on: 07/03/2024

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**PROOF OF SERVICE**

*Mitchell v. Lineage Logistics Services, LLC, et al.*
24CV012996

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I, Aimé Alvarez, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3055 Wilshire Blvd., 12th Floor, Los Angeles, California 90010. My electronic service address is aalvarez@wilshirelawfirm.com.

On July 18, 2024, I served the foregoing **NOTICE OF MINUTE ORDER**, on the interested parties by placing a true copy thereof, enclosed in a sealed envelope by following one of the methods of service as follows:

CSC Lawyers Incorporating Services
2710 Gateway Oaks Dr, Suite 150 N
Sacramento, California 95833

*Agent for Service of Process for Defendant*

Lineage Logistics Services, LLC
46500 Humboldt Dr.
Novi, Michigan 48377

*Defendant*

(X) **BY MAIL:** I enclosed the above documents in a sealed envelope with postage thereon fully prepaid and placed for collection and mailing on the above date in accordance with ordinary business practices. I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service**,** and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to Cal. Code Civ. Proc. § 1013(a).

I declare under the penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on July 18, 2024, at Los Angeles, California.

[signature]
Aimé Alvarez